UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : CRIMINAL NO.   25-CR- |
| v. | : 25-MJ-26 |
| | : |
| DEWAYNE ANTHONY SHORTER, JR., | : 21 US.C. §§ 841(a)(1), 841(b)(1)(C), |
| | : 841(b)(1)(D) |
| Defendant. | : (Possession With Intent to Distribute |
| | : Marijuana and Synthetic Cannabinoids) |
| | : 18 U.S.C. § 924(c)(1)(A)(i) |
| | : (Using, Carrying, and Possessing a Firearm |
| | : During, in Relation to, and in Furtherance of, a |
| | : Drug Trafficking Offense) |
| | : |
| | : FORFEITURE: 18 U.S.C. § 924(d), |
| | : 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c) |

## INFORMATION

The United States Attorney charges that:

### COUNT ONE

Beginning on or about January 28, 2025, and continuing through on or about February 28, 2025, within the District of Columbia, **DEWAYNE ANTHONY SHORTER, JR.,** knowingly and intentionally distributed and possessed with intent to distribute a mixture and substance containing a detectable amount of Marijuana and Synthetic Cannabinoids, both of which are Schedule I controlled substances.

**(Unlawful Possession with Intent to Distribute Marijuana and Synthetic Cannabinoids**, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), 841(b)(1)(D)).

### COUNT TWO

Beginning on or about January 28, 2025, and continuing through on or about February 28, 2025, within the District of Columbia, **DEWAYNE ANTHONY SHORTER, JR.,** did knowingly carry and use firearms during, and in relation to, and did knowingly possess firearms in furtherance

of a drug trafficking crime for which he may be prosecuted in a Court of the United States, that is, Count One of this Information, which is incorporated herein.

(**Using, Carrying, and Possessing a Firearm During, in Relation to, and in Furtherance of a Drug Trafficking Offense**, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i)).

## FORFEITURE ALLEGATION

1. Upon conviction of any of the offenses alleged in Count One of this information, **DEWAYNE ANTHONY SHORTER, JR.** shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, these offenses. The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, these offenses.

2. Upon conviction of any of the offenses alleged in Count Two of this Information, **DEWAYNE ANTHONY SHORTER, JR.** shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense, including but not limited to:

   a. A Glock Model 19x, 9mm semi-automatic handgun loaded with 19 rounds of ammunition seized on January 28, 2025;

   b. An Aero Precision 5.56mm AR-Pistol loaded with 36 rounds of ammunition seized on January 28, 2025;

   c. A Del Ton 5.56mm AR-Pistol loaded with 15 rounds of ammunition seized on January 28, 2025;

    d. A "double drum" 100-round capacity magazine containing 94 rounds of 5.56mm ammunition seized on January 28, 2025.

    e. A Ruger 57, 5.7x28mm semi-automatic handgun loaded with 21 rounds of ammunition seized on February 28, 2025;

    f. A FNH 5.7x28mm semi-automatic handgun loaded with 20 rounds of ammunition seized on February 28, 2025;

    g. Two disassembled AR-15 style rifles chambered for 5.56mm ammunition seized on February 28, 2025;

    h. Three rifle magazines containing a total of 57 rounds of 5.56mm ammunition seized on February 28, 2025;

    i. A high-capacity handgun magazine containing 28 rounds of 9mm ammunition seized on February 28, 2025;

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property that cannot be subdivided without difficulty;

**DEWAYNE ANTHONY SHORTER, JR.** shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

    (**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c))

        Respectfully Submitted,

        EDWARD R. MARTIN, JR.
        United States Attorney
        D.C. Bar No. 481866

By:    */s/ James B. Nelson*
        JAMES B. NELSON
        D.C. Bar No. 1613700
        Assistant United States Attorney
        Federal Major Crimes Section
        601 D. Street, N.W.
        Washington, D.C. 20530
        (202) 252-6986
        james.nelson@usdoj.gov